IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARSHALL MARTIN,[1] | § | |
| | § | No. 401, 2022 |
| Petitioner Below, | § | |
| Appellant, | § | |
| | § | Court Below–Family Court |
| v. | § | of the State of Delaware |
| | § | |
| LONDON VALENTINE, | § | |
| | § | File No. CK21-02925 |
| Respondent Below, | § | Petition No. 22-20174 |
| Appellee. | § | |

Submitted:  October 31, 2022
Decided:  November 18, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)    On October 25, 2022, the appellant, Marshall Martin, filed a notice of appeal from the Family Court's September 23, 2022 order dismissing his petition for custody.  Under Supreme Court Rule 6, a timely notice of appeal was due on or before October 24, 2022.[2]

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

[2] Del. Supr. Ct. R. 6(a)(i).  Because the thirtieth day fell on a Sunday, the notice of appeal was due before the close of the next business day—Monday, October 24, 2022. Del. Supr. Ct. R. 11(a).

(2) The Senior Court Clerk issued a notice directing Martin to show cause why his appeal should not be dismissed as untimely filed. In his response to the notice to show cause, Martin asks for a rehearing of the Family Court's order and argues the merits of his appeal but does not explain why he did not file a timely notice of appeal.

(3) Time is a jurisdictional requirement.[3] A notice of appeal must be received by the Court within the applicable time period to be effective.[4] An appellant's *pro se* status does not excuse his failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[5] Unless an appellant can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[6]

(4) The record does not reflect that Martin's failure to file a timely notice of appeal in this case is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must therefore be dismissed. To the extent that Martin wishes to pursue relief under Family Court Civil Procedure Rule 59, he must do so in the Family Court in the first instance.

---

[3] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[4] Del. Supr. Ct. R. 10(a).
[5] *See Smith v. State*, 47 A.3d 481 (Del. 2012).
[6] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice